UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04221-SPG-SSC | Date | July 30, 2026 |
| Title | Louis Bouche Napoleon v. Todd W. Blanche | | |

| | |
|---|---|
| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding: (IN CHAMBERS) ORDER DENYING PETITIONER'S REQUEST FOR TEMPORARY RESTRAINING ORDER [ECF NO. 2]**

Before the Court is the Request for Temporary Restraining Order (ECF No. 2 ("Motion")) filed by Petitioner Louis Bouche Napoleon ("Petitioner"). Also before the Court is Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1 ("Petition")).

On April 1, 2026, the Central District of California issued General Order No. 26-05 to facilitate the "expeditious resolution" of "all [28 U.S.C.] § 2241 Immigration Petitions." C.D. Cal. G.O. 26-05, at 1; *see* (ECF No. 4). The General Order establishes the following briefing schedule for habeas petitions seeking immigration-related relief:

| | |
|---|---|
| Notice of Appearance: | Three (3) calendar days after the Clerk's Office issues the scheduling notice. |
| Respondents' Answer: | Seven (7) calendar days after the Clerk's Office issues the scheduling notice. Any arguments that the petition should be dismissed shall be made in the answer and not by separate motion. |
| Petitioner's Reply: | Three (3) calendar days after the filing of an answer for represented petitioners; fourteen (14) days from service of the answer for pro se petitioners. |

(ECF No. 4 at 5).

This briefing schedule is "intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order." (*Id.*). Therefore, "[a]pplications for temporary restraining orders should be reserved for cases where

the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule.” (*Id.*).

In the Motion, Petitioner asserts that he will suffer irreparable harm by virtue of his allegedly unlawful detention, confinement, and separation from his family. (Mot. at 2; Pet. at 6). Petitioner also states that his family has suffered additional hardship from his absence. (Pet. at 7). While the Court does not discount Petitioner’s assertions of irreparable harm, Petitioner provides no basis to infer that his alleged harms differ in kind or degree from those common to all immigration habeas petitioners. Thus, nothing in the Petition or the Motion suggests that Petitioner is likely to suffer “imminent, irreparable harm” that cannot be addressed by the expedited briefing schedule set forth above. Accordingly, the Court DENIES the Motion without prejudice and REFERS the Petition to the Magistrate Judge for further proceedings consistent with General Order 26-05.

**IT IS SO ORDERED.**

________ : ________

Initials of Preparer pg